SUMMARY ORDER
Qui Rong Yang, through counsel, petitions for review of the BIA decision adopting and affirming the decision of Immigration Judge (“IJ”) Scott G. Alexander denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005); Secaida-Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004).
The IJ’s determination that Yang failed to present consistent, credible evidence that she had been or would be persecuted on account of her religious activities is substantially supported by the record as a whole. Yang’s testimony as to why she was arrested and detained conflicts with her asylum application and her mother’s letter. Yang and her mother claimed in their written statements that *185 they were arrested at their church for illegally gathering and preaching antiCommunist rhetoric, but Yang testified at her hearing that she did not know what they had been arrested for and did not know why she might be arrested, fined, or sentenced if she were returned to China. The IJ was also reasonable in using Yang’s inability to otherwise corroborate her testimony regarding her practice of Christianity and religious persecution as a second basis for the adverse credibility finding. See Diallo v. INS, 232 F.3d 279, 287 (2d Cir.2000). Finally, because Yang did not show that she would be punished for having one child, or that she would definitely have more children in contravention of China’s family planning policy and be subject to forcible abortion or sterilization, the IJ was reasonable in determining that Yang’s claim of fear of future persecution in the form of coercive family planning procedures was speculative.
Because Yang was unable to present sufficient credible subjective or objective evidence showing a well-founded fear of future persecution on account of a protected ground to establish eligibility for asylum, it necessarily follows that the IJ’s denial of withholding of removal, which carries a higher burden of proof, was also proper. Because Yang also failed to submit evidence indicating that she would likely be tortured upon return to China, the IJ’s denial of CAT relief was correct.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appelíate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).